UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-185-FDW

| | |
|---|---|
| CURTIS SHULER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| D. MITCHELL, R. HARRIS, | ) |
| L. DIAMOND, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e).

I.  BACKGROUND

Pro se Plaintiff Curtis Shuler is a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution, in Polkton, North Carolina. North Carolina Department of Public Safety records indicate that Plaintiff was convicted of first-degree murder in 1976 in Cumberland County, North Carolina, and he is serving an eighty-year sentence, with a projected release date of November 15, 2055. Plaintiff filed this action on April 28, 2015, naming as Defendants "D. Mitchell," identified as the Superintendent of Lanesboro; "R. Harris," identified as a Unit Manager at Lanesboro; and "L. Diamond," identified as a Sergeant at Lanesboro. (Doc. No. 1). Plaintiff alleges that Defendants confiscated some of his personal property from his cell. (Id.). Specifically, Plaintiff alleges in part:

> The Defendants . . . did under color of state law violate the Plaintiff's constitutional guarantees found in the First, Fourth, and Fourteenth Amendments when they had conspired to unlawfully seize his personal property which had mostly contained a large quantity and good combination of some very important legal and official

1

documentaries and relevant legal paperwork that he had been saving as evidence
for a congressional investigation and to also use in support of his petitioning for
release from his present confinement. This evidence in its factual makeup and
weight was extremely valuable and altogether irrefutable in revealing and providing
a politically widespread and top-level government conspiracy—coverup of his false
imprisonment and life-term for first-degree murder, done by both state and federal
authorities. The Defendants, by following specific instructions and using the
pretext "contraband," had taken materially critical evidence showing a network of
crimes committed by many high-ranking office holders, and in which includes
President Obama's direct involvement and control. Moreover, not only did this
evidence disclose and proved the general coverup, but also it had shown how (1) it
is the number one reason for why the Supreme Court of the United States decided
to uphold the Affordable Healthcare Act, inasmuch as the decision was the product
of a blackmail deal made between President Obama and some of his key
oppositions inside the Republican Party and (2) this coverup was the cause behind
the present-day stay on all state executions.

(Doc. No. 1 at 6). Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions. At least three of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Shuler v. Hargrave, No. 3:13cv584,

Order, Doc. No. 6 (W.D.N.C. 2013) (discussing Plaintiff's prior litigation). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis, unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g). Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.

### III.   CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.[1]

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action will, therefore, be dismissed without prejudice.

2. The Clerk is directed to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

3. Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

---

[1] Even if Plaintiff pays the filing fee and re-files this action, however, this action will nevertheless be subject to dismissal as frivolous, as the allegations throughout the Complaint are fantastical and delusional.

4. The Clerk is respectfully instructed to terminate this action.

Signed: April 29, 2015

Frank D. Whitney
Chief United States District Judge